IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NEIL KEITH SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-246 |
| | ) | |
| SHERIFF RICHARD ROUNDTREE; LT. EVERETTE JENKINS; CHIEF CALVIN CHEW; DEPUTY KYLE FERN; and VITAL CORE HEALTH STRATEGIES, LLC, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |
| NEIL KEITH SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-247 |
| | ) | |
| RICHMOND COUNTY, GEORGIA; RICHMOND COUNTY SHERIFF'S OFFICE; and RICHARD ROUNDTREE, Richmond County Sheriff, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Presently before the Court is Plaintiff's request to consolidate the above-captioned cases and his motion to proceed *in forma pauperis* ("IFP"). Singleton v. Richmond Cnty. et al., CV 124-247, doc. nos. 4, 5 (S.D. Ga. Dec. 26, 2024) (hereinafter "CV 124-247").

I. **BACKGROUND**

On December 26, 2024, the Clerk of Court opened two cases in Plaintiff's name based on the filing of two distinct complaints received by mail. Singleton v. Roundtree et al., CV 124-246 (S.D. Ga. Dec. 26, 2024) (hereinafter "CV 124-246"); CV 124-247. Plaintiff did not submit the appropriate filing fee or a request to proceed IFP for either complaint. The Clerk of Court sent Plaintiff a deficiency notice in each case concerning the need for an IFP motion or payment of the filing fee, as is required by Local Rule 4.1. See CV 124-246, doc. no. 2; CV 124-247, doc. no. 3.

On January 3, 2025, Plaintiff filed a motion to proceed IFP in CV 124-247. CV 124-247, doc. no. 4. On January 6, 2025, also in CV 124-247, Plaintiff filed a motion to consolidate cases CV 124-246 and CV 124-247, as well as a motion to dismiss Defendant Richmond County, Georgia, as a defendant. See CV 124-247, doc. nos. 5, 6.

Plaintiff has not yet responded to the Clerk of Court's deficiency notice issued in CV 124-246, nor has he filed any other document in that case. See CV 124-246, dkt. However, on January 9, 2025, counsel for Defendants Roundtree, Jenkins, Chew, and Fern appeared in CV 124-246 and waived service of summons as to those defendants in that case. CV 124-246, doc. no. 3.

II. **MOTION TO PROCEED IFP**

Plaintiff has requested permission to proceed IFP. CV 124-247, doc. no. 4. Because Plaintiff has provided incomplete and inconsistent answers to the questions on the IFP motion, the Court does not have sufficient information to determine whether Plaintiff should be allowed to proceed IFP at this time.

2

Under penalty of perjury and having been warned that providing a false statement may result in dismissal of his claims, Plaintiff states he receives $3,173 monthly in veteran's disability pay, lists expenses for a monthly mortgage payment and two car payments, and notes he supports a step-daughter financially but does not disclose the amount he contributes to her support. See generally id. He also states he does not "own property that doesn't have a lien on it," lists no further expenses for utilities or other regular monthly expenses, and notes "we were devastated by hurricane [H]elene." Id. at 2.

Moreover, the Court is aware Plaintiff has filed at least one prior case with an IFP motion in this Court. In that motion, Plaintiff provided different financial information than in his instant motion, including listing household income contributed by a spouse, who he does not directly refer to in the instant motion. See Singleton v. City of Reidsville, Ga., et al., CV 622-073, doc. no. 6 (S.D. Ga. Dec. 28, 2022).

Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992). Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993). Therefore, the Court must have a full, accurate, and current description of Plaintiff's financial situation before determining whether Plaintiff should be allowed to proceed IFP. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request to proceed IFP in CV 124-247. CV 124-247, doc. no. 4. The Court **DIRECTS** Plaintiff to


submit a new motion to proceed IFP within twenty-one days of the date of this Order.[1] Because case CV 124-247 is due to be consolidated and closed, see *infra* Section III, Plaintiff's new motion to proceed IFP must be filed in CV 124-246.

If Plaintiff wishes to proceed IFP, he must fill out the attached IFP form and provide the Court with current, accurate, and complete financial information. The enclosed Form AO 239 provides Plaintiff with the specific breakdown of expenses that must be disclosed. When asked for details about expenses and income, Plaintiff must describe how much he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive. Plaintiff must describe how he gets the money to pay for those expenses (to include income from any family members who may reside with him or contribute to paying his expenses), and he must disclose whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution. Upon receipt of the new motion to proceed IFP, the Court will determine whether Plaintiff should be granted leave to proceed IFP or should be required to pay the $405 filing fee in case CV 124-246. Of course, should he choose to do so, Plaintiff may simply pay the $405 filing fee in case CV 124-246 within twenty-one days in lieu of submitting a new IFP motion.

### III.   MOTION TO CONSOLIDATE

Plaintiff moves to consolidate the above-captioned cases, explaining, "[t]hese two matters involve the same defendants and plaintiff that has mistakenly been filed as two distinct

---

[1] The Court **DIRECTS** the **CLERK** to enclose Form AO 239, Application to Proceed in District Court Without Prepaying Fees or Costs, stamped with case number CV 124-246, with Plaintiff's service copy of this Order.

cases." CV 124-247, doc. no. 5. Upon review of the complaints in each case, the Court notes each complaint names separate, though partially overlapping, lists of defendants, but the complaints otherwise concern the same events arising during Plaintiff's detention at the Charles B. Webster Detention Center in Augusta, Georgia, in September and October 2024. Compare CV 124-246, doc. no. 1, with CV 124-247, doc. no. 1.

> Federal Rule of Civil Procedure 42 provides:
>
> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>     (1) join for hearing or trial any or all matters at issue in the actions;
>     (2) consolidate the actions; or
>     (3) issue any other orders to avoid necessary cost or delay.

Fed. R. Civ. P. 42(a). Rule 42 "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotations omitted). The decision to consolidate cases is committed to the sound discretion of the trial court. Id.; see also Hendrix v. Raybestos–Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary."). Because the above-styled cases involve the same questions of law and facts, they should be consolidated. See Falcetta v. Credit Collection Servs., No. 1:20-CV-1990-AT-JCF, 2020 WL 10046094, at *1 (N.D. Ga. Nov. 20, 2020) (consolidating multiple actions concerning same events).

Accordingly, the Court **GRANTS** Plaintiff's motion to consolidate. CV 124-247, doc. no. 5. The Court **DIRECTS** the **CLERK** to **CONSOLIDATE** CV 124-246 and CV 124-247, **TERMINATE** any pending motions in CV 124-247, and **CLOSE** case CV 124-247. Because these cases are now consolidated, Plaintiff must amend his complaint as detailed below.

Plaintiff's case shall proceed **ONLY** as CV 124-246, and any future filings shall be captioned, filed, and docketed under CV 124-246.

###    IV.    PLAINTIFF MUST SUBMIT AN AMENDED COMPLAINT

As explained *supra*, because the above-captioned cases have been consolidated and shall proceed only as CV 124-246, Plaintiff must now amend his complaint so that the Court may determine the legal and factual bases for Plaintiff's claims, as well as the intended defendants.

Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint within twenty-one days of the date of this Order that complies with the requirements of Federal Rule of Civil Procedure 8(a) that a pleading provide a short and plain statement of the grounds for the Court's jurisdiction, showing Plaintiff is entitled to relief, and a demand for the relief sought.[2] See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018).  If Plaintiff wishes to proceed with this action, Plaintiff must file a complete amended complaint in accordance with the instructions in this Order, and include all matters Plaintiff wishes the Court to consider in that one document.

The amended complaint must be printed legibly, or typed, so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual or entity that Plaintiff is

---

[2] The Court **DIRECTS** the **CLERK** to enclose Form Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner), stamped with case number CV 124-246, with Plaintiff's service copy of this Order.

suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in the amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to the amended complaint, Plaintiff shall not incorporate them by reference as a means of providing the factual basis for the complaint. For example, Plaintiff should not simply state, "See attached documents." The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in the amended complaint. Plaintiff is further cautioned that no portion of any prior pleadings shall be incorporated into the amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.

Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that Plaintiff wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and whether any Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. To the extent Defendants have waived service of process in CV 124-246 and answer deadlines have been established, the Court **STAYS** Defendants' deadlines to answer or otherwise respond to

Plaintiff original complaint. The Court will reset deadlines as needed following Plaintiff's submission of an amended complaint and new IFP motion or $405 filing fee.

## V. CONCLUSION

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request to proceed IFP in CV 124-247. CV 124-247, doc. no. 4. Using the enclosed forms, the Court **ORDERS** Plaintiff to submit a new IFP motion, or pay the $405.00 filing fee, and to submit an amended complaint in accordance with the instructions provided above in case CV 124-246.

Further, the Court **GRANTS** Plaintiff's motion to consolidate. CV 124-247, doc. no. 5. Accordingly, the Court **DIRECTS** the **CLERK** to **CONSOLIDATE** CV 124-246 and CV 124-247, **TERMINATE** any pending motions in CV 124-247, and **CLOSE** CV 124-247. Plaintiff's case shall proceed **ONLY** as CV 124-246, and any future filings shall be captioned, filed, and docketed under CV 124-246.

Failure to comply with the terms of this Order within twenty-one days may result in a recommendation that this case be dismissed.

**Finally, Plaintiff is cautioned that while this action is pending, Plaintiff shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.**

SO ORDERED this 23rd day of January, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA