IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NEIL KEITH SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-246 |
| | ) | |
| RICHARD ROUNDTREE; CALVIN CHEW; | ) | |
| KYLE FERN; EVERETTE JENKINS; | ) | |
| DEPUTY JANE DOE; DEPUTY JOHN DOE; | ) | |
| DEPUTY JOHN DOE 2; DEPUTY JOHN | ) | |
| DOE 3; RICHMOND COUNTY BOARD OF | ) | |
| COMMISSIONERS ET AL; VITAL CORE | ) | |
| HEALTH STRATEGIES LLC; NURSE | ) | |
| PURDY; and DEPUTY JANE DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On April 28, 2025, the Court entered a Scheduling Order imposing discovery deadlines, with discovery set to expire on August 20, 2025. (Doc. no. 22.) However, the parties have filed several dispositive motions. (See doc. nos. 12, 17, 18, 33, 36.) In light of these motions and for the reasons set forth below, the Court **STAYS** discovery pending a ruling by the presiding District Judge on the pending dispositive motions.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This

>involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the pending dispositive motions, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, Defendants' motions collectively have the potential to be dispositive of the entire case by seeking dismissal of all claims against all identified Defendants. (See doc. nos. 17, 18, 33, 36.) It makes little sense to forge ahead with full discovery in this context because of the substantial risk that much time and money could be wasted. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all aspects of discovery pending resolution of the pending dispositive motions. (Doc. nos. 12, 17, 18, 33, 36.) Should any portion of the case remain after resolution of the dispositive motions, the parties shall confer and submit a new Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instruction to the parties that justifies continuation of the stay, the parties shall inform the

undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

Because discovery has been stayed in this case, the Court further **DENIES AS MOOT** Plaintiff's *ex parte* motion for issuance of a subpoena with the right to refile should discovery be reopened after resolution of the pending dispositive motions. (Doc. no. 32.) Should Plaintiff exercise his right to refile a motion seeking issuance of a subpoena, he is cautioned that his motion must clearly and thoroughly "explain[] the need for the subpoena, the party to be subpoenaed, and the relevance of the documents to be subpoenaed, if any." In re Subpoenas, MC 496-006, doc. no. 1, p. 1 (S.D. Ga. Jan. 16, 1996). However, Plaintiff is advised future motions requesting issuance of subpoenas, if necessary, need not be filed *ex parte* and should instead be filed on the public docket. See Ayestas v. Davis, 584 U.S. 28, 40 (2018) (explaining "[i]n our adversary system, *ex parte* motions are disfavored"). In any such refiled motion related to subpoenas, Plaintiff must provide a detailed explanation of why he needs each category of information to be subpoenaed and specify the portions of the amended complaint to which each subpoena category relates.

SO ORDERED this 26th day of June, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA