IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
NEIL KEITH SINGLETON,              *
                                   *
        Plaintiff,                 *
                                   *
    v.                             *
                                   *
RICHARD ROUNDTREE, CALVIN          *       CV 124-246
CHEW, EVERETTE JENKINS, KYLE       *
FERN, HASAN KING, KATHRYN
KIRBY, RAVEN FURTICK, VITAL        *
CORE HEALTH STRATEGIES, LLC,       *
and RACHEL PURDIE,                 *
                                   *
        Defendants.                *
```

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

FEB 6 2026

FILED

## O R D E R

Before the Court are Defendants Roundtree, Chew, Jenkins, Fern, King, Kirby, and Furtick's (collectively the "RCSO Defendants") motion to dismiss Plaintiff's fourth amended complaint, labeled on the docket as the "Second Amended Complaint," (the "Fourth Amended Complaint") (Doc. 30.) and Defendants Vital Core Health Strategies ("Vital Core") and Purdie's (collectively, the "Healthcare Defendants") motion to dismiss.[1] (Docs. 33, 36.) Pending before the Court are Defendants Roundtree, Jenkins, Chew,

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants on the docket in accordance with the above caption, which is consistent with the Fourth Amended Complaint; except, the spelling of Defendant Raven Furtick's name as shown above is consistent with RCSO Defendants' motion to dismiss as Plaintiff misspelled it in the Fourth Amended Complaint. (See Doc. 30, at 1; Doc. 36, at 1.) Although Plaintiff included the Richmond County Sheriff's Office in the Fourth Amended Complaint, Plaintiff later stated the Richmond County Sheriff's Office should be dismissed. (Doc. 38, at 5.) Thus, the **CLERK** is **DIRECTED** to **TERMINATE** the Richmond County Sheriff's Office as a Party to this action.

and Fern's motion to dismiss (Doc. 17) and Defendant Richmond County Board of Commissioners' motion to dismiss (Doc. 18).[2] Also pending before the Court are Plaintiff's motions for partial summary judgment (Doc. 12), to rule on summary judgment (Doc. 14), for writ of execution (Doc. 15), for writ of fieri facias (Doc. 16), to make final ruling (Doc. 20), for leave of court (Doc. 39), and to withdraw Plaintiff's motion for leave of court (Doc. 41). For the following reasons, the Healthcare Defendants' and the RCSO Defendants' motions are **DENIED** and Plaintiff's remaining motions are **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff brings this action for violations of his First, Eighth, Ninth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (Doc. 30, at 2.) This case arises out of actions that took place when Plaintiff was a pre-trial detainee at the Charles B. Webster Detention Center ("CBW") in Augusta, Georgia from September 5, 2024 to October 26, 2024. (Id.) Plaintiff alleges that numerous people at CBW, including Defendant Roundtree, failed to provide him with necessary medications, his glasses, his wedding ring, and his hearing aids after he was

---

[2] Because these motions to dismiss do not pertain to the operative complaint, as explained below, Defendants Roundtree, Jenkins, Chew, and Fern's motion to dismiss (Doc. 17) and Defendant Richmond County Board of Commissioners' motion to dismiss (Doc. 18) are **DENIED AS MOOT**.

2

processed into jail and various "violations of jail policy." (Id. at 2, 6.) On September 6, 2024, Plaintiff was processed at CBW and informed the nurse of "several medical problems, to include the following: severe obstructive sleep apnea, PTSD, depressive disorder, mood disorder, anxiety, sleeping disorder, hearing loss, spinal fusion from C1-C5, and GERD." (Id. at 2.) On the same day, a lockdown began and lasted until September 24, 2024, during which Plaintiff was denied access to a shower, phone, attorneys, medical care and medications, prescription glasses, hearing aids, laundry services, and religious services and texts. (Id. at 3.) Plaintiff states he was denied "a Christian bible, but others were allowed to have a Quran." (Id. at 8.) As a result, Plaintiff claims he "suffered severe depression, hallucinations, hearing voices, anger and more." (Id. at 3.) Regarding Plaintiff's prescription glasses, he was told his glasses were prohibited because they had metal on them. (Id. at 4.) Instead, Plaintiff states his "eyeglasses were not metal but a polycarbonate frame." (Id.) Plaintiff's spouse brought him a new pair of glasses made of plastic on two occasions, but Plaintiff was denied from wearing the first pair and then allowed to have the second pair on October 5, 2025. (Id.) Plaintiff was never permitted to have his hearing aids or wedding ring "though at least a dozen other males had theirs." (Id.) When Plaintiff asked why he was prohibited from possessing these items and others were not, Defendant Purdie and

another deputy told him, "[b]ecause they are black, and you are not." (Id. at 5.)

Around October 1, 2024, Plaintiff was attacked by another inmate in front of Defendant Furtick and the medical staff while waiting in line for medications. (Id.) The attacking inmate stated, "I hate you f[***]ing crackers," and "I am going to f[***]ing gut you when these police leave" while pulling out what Plaintiff saw to be a "6-to-9-inch shiv." (Id.) Plaintiff then turned to the deputy and asked, "[i]sn't this assault with a deadly weapon," to which she did not respond. (Id.) Defendant Purdie responded, "[m]aybe don't agitate the black inmates." (Id.) After Defendant Purdie and the deputy left, Plaintiff was punched and kicked by the inmate and received no medical care upon request. (Id.)

Around October 4, 2024, Plaintiff received a death threat from an inmate known as Cash, who showed Plaintiff a "metal made shank." (Id.) Plaintiff reported this encounter to a deputy who referred Plaintiff to speak with Defendant Jenkins. (Id.) Plaintiff claims Jenkins "did nothing about the inmate and the shank," and he suffered from a "small black eye" after an attack. (Id.) Plaintiff also alleges Defendants Kirby and King, two "assigned jailer[s] to [] [P]laintiff's pod," were aware that Plaintiff complained to them about his glasses and hearing aids, including stating that "other African American males" were

4

permitted to have their glasses. (Id. at 7.) Based on these facts, Plaintiff claims he "was not afforded equal protection while in custody," "was denied proper medical care throughout his entire stay," and "suffered prejudiced behaviors from government as well as civilian staff." (Id. at 8.)

Plaintiff filed a complaint on December 26, 2024 (Doc. 1), a first amended complaint on January 29, 2025 (Doc. 6), and a second amended complaint on February 11, 2025 (Doc. 9). On March 3, 2025, Plaintiff filed a motion for partial summary judgment. (Doc. 12.) On March 25, 2025, Plaintiff filed a motion to rule on summary judgment (Doc. 14), a motion for writ of execution (Doc. 15), and a motion for writ of fieri facias (Doc. 16). On April 2, 2025, Defendants Roundtree, Jenkins, Chew, and Fern filed a motion to dismiss. (Doc. 17.) On April 2, 2025, Defendant Richmond County Board of Commissioners filed a motion to dismiss. (Doc. 18.) On April 9, 2025, Plaintiff filed a motion to make final ruling. (Doc. 20.) On May 20, 2025, Plaintiff filed a third amended complaint. (Doc. 27.) On May 23, 2025, the Court granted Plaintiff permission to amend his complaint. (Doc. 29.)

On June 2, 2025, Plaintiff filed the Fourth Amended Complaint. (Doc. 30.) On June 5, 2025, the Healthcare Defendants filed a motion to dismiss. (Doc. 33.) On June 12, 2025, Plaintiff responded. (Doc. 35.) On June 16, 2026, the RCSO Defendants filed a motion to dismiss. (Doc. 36.) On July 7, 2025, Plaintiff

5

responded. (Doc. 38.) On October 10, 2025, Plaintiff filed a motion for leave of court. (Doc. 39.) On October 24, 2025, the Healthcare Defendants responded. (Doc. 40.) On December 9, 2025, Plaintiff filed a motion to withdraw his motion for leave of Court. (Doc. 41.) The motions are ripe for the Court's review.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked

6

assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III. DISCUSSION

The Court reviews the Healthcare Defendants, the RCSO Defendants, and Plaintiff's motions in turn. Because the Court's May 23, 2025 Order granted Plaintiff leave to file a fourth amended complaint, the Fourth Amended Complaint (Doc. 30.) is the operative pleading, and the Court will not consider Plaintiff's previously filed complaints for this analysis.

**A. Healthcare Defendants' Motion to Dismiss**

The Healthcare Defendants move to dismiss for failure to state a cognizable claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 33, at 1.) They argue that although Plaintiff alleges a claim under 42 U.S.C. § 1983 and that his First, Eighth, Ninth, and Fourteenth Amendment rights were violated, the Fourth Amended

Complaint is "devoid of even the bare elements for a claim of negligence against the [Healthcare Defendants], much less a constitutional violation." (Id. at 1-2.) Further, the Healthcare Defendants argue Plaintiff's Fourth Amended Complaint is a "shotgun pleading that impermissibly commingles allegations against multiple Defendants" and fails to delineate claims to provide fair and sufficient notice to Defendants. (Id. at 2.) The Healthcare Defendants state they are unable to "distinguish what claims are specifically made against them, and exactly how they are alleged to have committed any tortious acts and what theory of liability they are alleged to have violated." (Id. at 4.)

The Eleventh Circuit is particularly opprobrious of shotgun pleadings, which are pleadings that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b). See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320-21 (11th Cir. 2015); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)).) There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a

8

separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323. A pleading need only qualify as one of these four types to be an impermissible shotgun pleading.

The Court's May 23, 2025 Order granted Plaintiff leave to amend his complaint. (Doc. 29, at 3.) The Court instructed Plaintiff:

> Plaintiff may not amend his complaint in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading. (Doc. nos. 24, 27); see Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Accordingly, if Plaintiff wishes to amend his complaint, the Court ORDERS Plaintiff to amend his complaint to include all of his claims and naming all of the defendants in one document, within fourteen days of the date of this Order. The amended complaint must be typed or printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.

(Id. at 2-3 (emphasis omitted).)

The Healthcare Defendants assert Plaintiff's Fourth Amended Complaint violates the fourth sin of shotgun pleadings. (Doc. 33, at 2.) Plaintiff does not respond to the shotgun pleading allegations. (Doc. 35.) The Court notes Plaintiff's Fourth Amended Complaint commits both the third and fourth sins. First, Plaintiff does not separate each of the First, Eighth, Ninth, and Fourteenth Amendment violations into separate counts. (Doc. 30,

9

at 1-9.) Instead, Plaintiff states the claims he brings together in the first paragraph. (Id. at 1.) Second, Plaintiff recaps events and encounters related to Defendants Jenkins, Fern, King, Kirby, and Purdie without specifying which of the Defendants are responsible for which acts or which of the Defendants the claim is brought against. (Id. at 1-8.) Therefore, the Court finds Plaintiff's Fourth Amended Complaint is an impermissible shotgun pleading.

Shotgun pleadings "exact an intolerable toll on the trial court's docket . . . and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997). Shotgun pleadings frustrate this policy. Consequently, when a party files a shotgun pleading, the Eleventh Circuit instructs district courts to strike the pleading and direct that a new complaint be filed. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018) (citation omitted). As required, the Court will give Plaintiff one chance to fix his defective complaint. See Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) ("When faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." (citing Vibe Micro, 878 F.3d at 1296)). However, if Plaintiff fails to comply with

10

the Court's Order, any "continued impermissible pleadings warrant dismissal with prejudice." Hirsch v. Ensurety Ventures, LLC, 805 F. App'x 987, 992 (11th Cir. 2020) (citation omitted); see also Cummings v. Mitchell, No. 20-14784, 2022 WL 301697, at *2 (11th Cir. Feb. 2, 2022) ("[D]istrict courts have inherent authority to control its docket and, in some circumstances, dismiss pleadings that fail to conform with the Federal Rules of Civil Procedure." (citing Weiland, 792 F.3d at 1320)).

Since the Fourth Amended Complaint is a shotgun pleading, Plaintiff shall have an opportunity to replead his complaint through one final amended complaint. Plaintiff should take care to eliminate extraneous material and ensure it is clear to which Defendant particular factual allegations and claims apply. As such, the Court **ORDERS** Plaintiff to file a fifth amended complaint. The Healthcare Defendants' motion to dismiss (Doc. 33) is **GRANTED IN PART** to the extent it argues Plaintiff's Fourth Amended Complaint is a shotgun pleading, but **DENIED AS MOOT** on all other grounds as the Fourth Amended Complaint will no longer be the operative pleading.

**B. RCSO Defendants' Motion to Dismiss**

Because the Fourth Amended Complaint will no longer be the operative complaint, the RSCO Defendants' motion to dismiss (Doc. 36) is also **DENIED AS MOOT.**

## C. Plaintiff's Remaining Motions

Plaintiff's motions before the Court are for partial summary judgment (Doc. 12), to rule on summary judgment (Doc. 14), for writ of execution (Doc. 15), for write of fieri facias (Doc. 16), to make final ruling (Doc. 20), for leave of court (Doc. 39), and to withdraw Plaintiff's motion for leave of court (Doc. 41). Because the Court is requiring Plaintiff to file a fifth amended complaint, Plaintiff's pending motions are **DENIED AS MOOT**.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss (Docs. 17, 18, 33, 36) are **DENIED AS MOOT** and Plaintiff's pending motions (Docs. 12, 14, 15, 16, 20, 39, 41) are **DENIED AS MOOT**. Plaintiff is **DIRECTED** to file a fifth amended complaint within **FOURTEEN (14) DAYS** of the date of entry of this Order.

Plaintiff should ensure his fifth amended complaint complies with Rules 8(a)(2) and 10(b). Specifically, Plaintiff must set forth each of his claims as separate counts and clearly allege the appropriate facts under each of the claims. Each claim should be stated plainly and succinctly, and Plaintiff should avoid conclusory and vague statements and only state the specific facts that support each claim. Plaintiff should also eliminate

12

extraneous material from his fifth amended complaint. Finally, Plaintiff should clarify which claims apply to each Defendant.

**ORDER ENTERED** at Augusta, Georgia, this ___6th___ day of February 2026.

```
                                    _____
                                    HONORABLE J. RANDAL HALL
                                    UNITED STATES DISTRICT JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA
```