IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

NEIL KEITH SINGLETON,

Plaintiff,

CIVIL ACTION NO.: CV 124-246

v.

RICHARD ROUNDTREE, CALVIN CHEW,

EVERETTE JENKINS, KYLE FERN,

HASAN KING, KATHRYN KIRBY,

RAVEN FURTICK, VITAL CORE HEALTH

STRATEGIES, LLC, and RACHEL PURDIE,

Defendants.

**FIFTH AMENDED COMPLAINT**

Plaintiff Neil Keith Singleton, proceeding pro se, files this Fifth Amended Complaint pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights under the First, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. This action arises from events that occurred while Plaintiff was a pre-trial detainee at the Charles B. Webster Detention Center ("CBW") in Augusta, Georgia, from September 5, 2024, to October 26, 2024. Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events occurred in Augusta, Georgia, within the Southern District of Georgia.

## PARTIES

3. Plaintiff Neil Keith Singleton is white male and a resident of Georgia and was a pre-trial detainee at CBW during the relevant period.

4. Defendant Richard Roundtree was the Sheriff of Richmond County and was responsible for overseeing operations at CBW, including policies on detainee treatment, medical care, and security. He is sued in his individual and official capacities.

5. Defendant Calvin Chew is an employee of the Richmond County Sheriff's Office ("RCSO") at CBW. He is sued in his individual capacity.

6. Defendant LT. Everette Jenkins is an employee of RCSO at CBW and was responsible for handling reports of threats and security issues. He is sued in his individual capacity.

7. Defendant Kyle Fern is an employee of RCSO at CBW. He is sued in his individual capacity.

8. Defendant Hasan King is an RCSO jailer assigned to Plaintiff's pod at CBW and was responsible for enforcing policies on personal items and medical access. He is sued in his individual capacity.

9. Defendant Kathryn Kirby is an RCSO jailer assigned to Plaintiff's pod at CBW and was responsible for enforcing policies on personal items and medical access. She is sued in her individual capacity.

10. Defendant Raven Furtick is an RCSO deputy at CBW and was responsible for security and responding to incidents. She is sued in her individual capacity.

11. Defendant Vital Core Health Strategies, LLC ("Vital Core") is a private entity contracted to provide medical services at CBW and acted under color of state law.

12. Defendant Rachel Purdie is a medical staff member employed by Vital Core at CBW and was responsible for providing medical care and enforcing policies on personal medical items. She is sued in her individual capacity.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. On September 5, 2024, Plaintiff was processed into CBW as a pre-trial detainee.

14. During processing, Plaintiff informed an unidentified white male nurse of his medical conditions, including severe obstructive sleep apnea, PTSD, depressive disorder, mood disorder, anxiety, sleeping disorder, hearing loss, spinal fusion from C1 to C5, and GERD. This nurse mandated a lower bunk only for medical needs, plaintiff never received a lower bunk while black inmates were allowed one-man cells and the plaintiff often with six other males in cells designed for one.

15. From September 6, 2024, to September 15, 2024, CBW HPOD was under lockdown, during which Plaintiff was denied access to showers, phone calls, attorney visits, medical care, medications, prescription glasses, hearing aids, laundry services, religious services, and religious texts. The plaintiff was not in the HPOD when the inmates were placed on lockdown, he was in the booking process.

16. As a result of these deprivations, Plaintiff suffered severe depression, hallucinations, hearing voices, and anger. All defendants were made aware of the issues daily.

17. Plaintiff's prescription glasses had a polycarbonate frame, not metal, but he was told they were prohibited due to metal. His spouse brought plastic glasses on two occasions; the first pair was denied, and the second was allowed on October 5, 2024. While denying the plaintiff glasses under the guise of metal being in them, black inmates were allowed to have metal glasses, crutches, and canes and were not separated from the population.

18. Plaintiff was never allowed his hearing aids or wedding ring, despite at least a dozen other black male detainees possessing theirs.

19. Around October 1, 2024, while waiting for medications, an inmate attacked Plaintiff in front of Defendant Furtick and medical staff Purdie, using racial slurs ("I hate you f***ing crackers") and displaying a 6-to-9-inch shiv. Plaintiff asked Defendant Furtick if this was assault with a deadly weapon, but she did not respond. Defendant Purdie stated, "Maybe don't agitate the black inmates." After they left, that inmate punched and kicked Plaintiff multiple times, and no medical care was provided despite requests.

20. Around October 4, 2024, an inmate named "Cash" threatened Plaintiff with a metal shank. Plaintiff reported this to a deputy, who referred himself as Defendant Jenkins. Defendant Jenkins took no action, and Plaintiff later suffered a small black eye from an attack by inmate "Cash".

21. Defendants Purdie, King and Kirby were aware of Plaintiff's complaints about his glasses and hearing aids, including that other African American males were permitted theirs.

## COUNT I: FOURTEENTH AMENDMENT DUE PROCESS VIOLATION

## (DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

(Against Defendants Roundtree, Chew, Jenkins, Fern, King, Kirby, Furtick, Vital Core, and Purdie)

22. Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

23. As a pre-trial detainee, Plaintiff's right to adequate medical care is protected by the Due Process Clause of the Fourteenth Amendment.

24. Defendants were deliberately indifferent to Plaintiff's serious medical needs by denying him medications, medical care, glasses, and hearing aids during the lockdown and throughout his detention, despite knowing of his conditions (severe sleep apnea, PTSD, depression, anxiety, hearing loss, spinal fusion, and GERD). The medical staff also failed at even attempting to verify medications with the Veterans Affairs Hospital. The Plaintiff repeatedly informed defendants, Furtick, Purdie, Chew, and Jenkins, as well as officers that have not been identified yet but may be identified through discovery.

25. Defendant Furtick and Purdie specifically denied medical care after the October 1 attack and enforced no known policies denying Plaintiff's hearing aids, CPAP, and glasses.

26. Defendant Vital Core, through its policies and employees like Purdie, failed to provide necessary medical services.

27. Defendants Roundtree, Chew, Jenkins, Fern, King, Kirby, and Furtick enforced or failed to correct policies and actions that denied medical access.

28. This indifference caused Plaintiff physical pain, worsening mental health, and injuries from attacks.

29. Defendants acted under color of state law, violating 42 U.S.C. § 1983.

## COUNT II: FOURTEENTH AMENDMENT EQUAL PROTECTION VIOLATION

## (RACIAL DISCRIMINATION)

(Against Defendants Roundtree, Chew, Jenkins, Fern, King, Kirby, Furtick, and Purdie)

30. Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

31. The Equal Protection Clause of the Fourteenth Amendment prohibits racial discrimination in detention facilities.

32. Defendants treated Plaintiff differently based on race by denying him glasses, hearing aids, CPAP, and a wedding ring, while allowing African American detainees to possess similar items.

33. When Plaintiff asked why, Defendant Furtick and another deputy stated, "Because they are black, and you are not."

34. During the October 1 attack, Defendant Furtick responded with a racially biased comment, and Defendant Furtick failed to intervene.

35. Defendants King and Kirby knew of the unequal treatment but did not correct it.

36. Defendants Roundtree, Chew, Jenkins, and Fern enforced or supervised policies allowing this disparity.

37. This discrimination caused Plaintiff humiliation, unequal treatment, and harm.

38. Defendants acted under color of state law, violating 42 U.S.C. § 1983.

## COUNT III: FIRST AMENDMENT VIOLATION

### (FREE EXERCISE OF RELIGION)

(Against Defendants Roundtree, Chew, Jenkins, Fern, King, Kirby, and Furtick)

39. Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

40. The First Amendment protects the free exercise of religion.

41. During the lockdown, Plaintiff was denied religious services and a Christian Bible, while other detainees were allowed a Quran. The Quran was sold at the commissary, but a Christian Bible was not. When clergy were allowed inside the POD, they stated they were no longer allowed to hand out small bibles as directed by staff.

42. Defendant Fern enforced policies denying these religious accommodations by stating, "you inmates keep using them to bend the doors, so we took them away".

43. This denial burdened Plaintiff's religious practice and caused emotional distress.

44. Defendants acted under color of state law, violating 42 U.S.C. § 1983.

## COUNT IV: EIGHTH AMENDMENT VIOLATION

## (CRUEL AND UNUSUAL PUNISHMENT)

(Against Defendants Roundtree, Chew, Jenkins, Fern, King, Kirby, Furtick, Vital Core, and Purdie)

45. Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

46. The Eighth Amendment prohibits cruel and unusual punishment, applicable here through the Fourteenth Amendment.

47. Defendants subjected Plaintiff to inhumane conditions, including denial of showers, laundry, medical care, showers infested with flies and black mold, and protection from violence during lockdown and attacks.

48. Defendant Jenkins failed to protect Plaintiff from the known threat by "Cash."

49. Defendants Furtick and Purdie failed to intervene or provide care during and after the October 1 attack.

50. Defendants Roundtree, Chew, Fern, King, Kirby, and Vital Core maintained policies allowing these conditions.

51. This caused Plaintiff physical injuries, mental suffering, and health deterioration.

52. Defendants acted under color of state law, violating 42 U.S.C. § 1983.

## COUNT V: NINTH AMENDMENT VIOLATION

## (UNENUMERATED RIGHTS)

(Against Defendants Roundtree, Chew, Jenkins, Fern, King, Kirby, Furtick, Vital Core, and Purdie)

53. Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

54. The Ninth Amendment protects unenumerated rights, including privacy in personal medical matters and property.

55. Defendants violated these rights by arbitrarily denying Plaintiff's hearing aids, glasses, CPAP, and wedding ring without legitimate reason, invading his privacy and dignity while allowing black inmates to have some or all of those items.

56. This caused Plaintiff sensory deprivation, emotional harm, and unequal treatment.

57. Defendants acted under color of state law, violating 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

a. **Compensatory damages of $1,000,000 against each Defendant, jointly and severely;**

b. **Punitive damages of $500,000 against each individual Defendant;**

c. **Any fees and costs under 42 U.S.C. § 1988;**

d. **Such other relief as the Court deems just.**

Dated: February 9th, 2026

Neil Keith Singleton

1701 Little Flock Church Road, Collins, GA 30421

Neilks1975@outlook.com

(912)667-4161

Pro Se

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 9th day of February, 2026, a true and correct copy of the FIFTH AMENDED COMPLAINT was served upon the following counsel of record by electronic mail to the email address of record or with proper US Postage affixed and mailed to:

Robin Daitch
Admitted in GA & MD
Attorney at Law
Hall Booth Smith, P.C.
1450 Greene Street, Suite 145
Augusta, GA 30901
O: 706.494.2690
D: 706.363.9774
Email: rdaitch@hallboothsmith.com

Tameka Haynes
Associate
Frails & Wilson Attorneys At Law
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Telephone: (706) 855-6715


This 9th day of February, 2026.
Respectfully submitted,


Neil Singleton

1701 Little Flock Church rd

Collins, GA 30421