**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| NEIL KEITH SINGLETON, <br><br> *Plaintiff*, <br><br> *v.* <br><br> RICHARD ROUNDTREE, CALVIN CHEW, EVERETTE JENKINS, KYLE FERN, HASAN KING, KATHRYN KIRBY, RAVEN FURTICK, VITAL CORE HEALTH STRATEGIES, LLC, AND RACHEL PURDIE <br><br> *Defendants*. | CASE NO. CV 124- 246 |

**DEFENDANTS' VITAL CORE HEALTH STRATEGIES, LLC AND RACHEL PURDIE, RN'S MOTION TO DISMISS PLAINTIFF'S FIFTH AMENDED COMPLAINT [DOC 46] AND BRIEF IN SUPPORT THEREOF**

COME NOW, Defendants Vital Core Health Strategies, LLC (hereinafter "VitalCore") and Rachel Purdie, properly named Rachel Purdie, RN (hereinafter "Nurse Purdie"), (hereinafter collectively the "Healthcare Defendants"), by and through undersigned counsel and file this their Motion to Dismiss Plaintiff's Fifth Amended Complaint (hereinafter "Complaint") (Doc. 46), against them and brief in support thereof pursuant to Federal Rule of Civil Procedure 12(b)(6).

**<u>INTRODUCTION</u>**

Plaintiff Neil Keith Singleton, appearing pro se, claims his rights were violated while he was held in pre-trial detention at the Charles B. Webster Detention Center in Augusta, Georgia ("CBW"). Doc 46, ¶ 3. Plaintiff alleges Plaintiff informed an "unidentified white male nurse" of his medical conditions while being processed into CBW. Plaintiff alleges that Nurse Purdie, an employee of VitalCore, along with numerous other people at the CBW, failed to provide his eye

glasses, medical care, or wedding ring while a pre-trial detainee at CBW. *Id* at ¶17-18. Plaintiff further alleges he was treated inequitably in relation to other inmates and that he was denied privileges and rights he was entitled to receive as a pre-trial detainee based on his race as a white male. *Id*. Plaintiff alleges while waiting to receive his medication he was confronted by another inmate with a shiv. *Id* at 19. Then, a*fter medical staff left,* Plaintiff was attacked by an inmate when no medical staff was present. *Id.*

Plaintiff's claims against Healthcare Defendants fail for multiple reasons. First, Plaintiff's claims, as plainly read, are devoid of even the bare elements for a claim of negligence and imputed negligence against Nurse Purdie and VitalCore, much less a constitutional violation. Secondly, while the Complaint contains a laundry list of allegations against the jail and jail staff regarding the alleged violations of the Plaintiff's Civil Rights, Plaintiff never clearly explains how Nurse Purdie was responsible for providing those rights, what duty she had to provide those rights, how she acted under color of law, or exactly how she failed in any duty beyond the vague accusations included within Plaintiff's Complaint.

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a plaintiff's complaint must state a plausible claim for relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v Iqbal,* 556 U.S. 662, 678 (2009). Factual allegations must raise a right to relief above the speculative level. *Bell v Atl. Corp. v Twombly*, 550 U.S. 544 (2007). A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft* at 678. A complaint is subject to dismissal with its factual allegations establish an affirmative defense that bars recovery. *Myrick v Fulton Cnty*., 69 F.4th 1277, 1297 (11th Cir. 2003).

**A.      Plaintiff Fails to Establish a Claim of Deliberate Indifference to Serious Medical Needs.**

In order to establish a claim of deliberate indifference to a medical need, the Plaintiff is required to show (1) a serious medical need existed, (2) the defendant acted indifferently to that serious medical need above mere negligence, and (3) causation which connects the indifference to an injury. *Nam Dang v Sheriff, Seminole Cty, Fla,* 871 F.3d 1272, 1280 (11th Cir. 2017); *see Mann v Taser Intern Inc. 588 F.3d 1291 (11th Cir. 2009).* "Imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person knew." *Burnette v Taylor,* 533 F3d 1325, 1331 (11th Cir. 2008).

Plaintiff alleges Healthcare Defendants were deliberately indifferent to Plaintiff's "serious medical needs by <u>denying him medications</u> . . . throughout his detention." Doc 46 ¶ 24, emphasis added. However, Plaintiff's Complaint establishes and admits Plaintiff was receiving his medications during his detention, when on "October 1, 2024, <u>while waiting for medications</u>" Plaintiff alleges he was confronted by another inmate and threated with a shiv. *Id* at 19, emphasis added. Then, *after medical staff left* Plaintiff was punched and kicked by another inmate. *Id* at 19. As indicated by Plaintiff's Complaint, these Healthcare Defendants were not present when Plaintiff was allegedly punched and kicked by another inmate. As such, Healthcare Defendants did not have knowledge of Plaintiff's alleged injuries to provide medical attention. In other words, Healthcare Defendants lacked the pre-requisite knowledge which would have allowed them to have acted indifferently towards Plaintiff's alleged medical needs.  Importantly, Plaintiff fails to identify any specific injuries incurred by the alleged punching and kicking from another inmate. Plaintiff's Complaint asserts vague injuries of " physical pain, worsening mental health, and injuries from

attacks" while failing to identify any specific injuries which would have required medical attention or treatment. *Id at 28.*

Plaintiff's Complaint further asserts Healthcare Defendants were deliberately indifferent to Plaintiff's medical needs in denying access to his eyeglasses. Doc 46 ¶ 25. Plaintiff was informed upon entering the facility that his glasses contained metal and were prohibited within CBW. *Id* at 17. Fortunately, Plaintiff's spouse delivered a pair of plastic glasses to CBW on October, 5, 2024 which were then promptly provided to Plaintiff. *Id.*

Thus, Plaintiff has failed to demonstrate the Healthcare Defendants acted indifferently to any medical need nor has Plaintiff demonstrated any injury caused by alleged indifference to a serious medical need. As such, Plaintiff fails to state a claim upon which relief can be granted.

**B.    Plaintiff Fails to Establish a Racial Discrimination Claim against Healthcare Defendants.**

In order to establish liability in a §1983 action, a plaintiff must prove that the defendant's actions violated clearly established constitutional law. *Zeigler v Jackson*, 716 F.2d 847 (11th Cir. 1983); *Kentuck v Graham*, 473 U.S. 159, 105 S.Ct 3099 (1985); *Harlow v Fitzgerald*, 457 U.S. 800, 817 (1982); *Keating v City of Miami*, 598 F.3d 753 (11th Cir. 2010); *Busby v City of Orlando*, 931 F.2d 764 (11th Cir. 1991).

Plaintiff's Complaint asserts various acts committed by codefendants Roundtree, Chew, Jenkins, Fern, King, Kirby, and Furtick. However, Plaintiff's Complaint fails to identify or allege these Healthcare Defendants acted or contributed to any alleged racial discrimination. As such, Plaintiff fails to state a claim upon which relief can be granted against Healthcare Defendants.

**C.      Plaintiff Fails to State a Claim Under the Eighth Amendment.**

The Eighth Amendment provides that "excessive bail shall not be required, nor excessive

fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment only applies

to convicted prisoners. *Wimbush v Conway,* 768 Fed. Appx. 958, 968 (11th Cir. 2019) (quoting

*Cottrell v Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1999). There is no actionable Eighth Amendment

claim in the absence of an injury that is de minimis and not objectively harmful enough to establish

a constitutional violation. *Johnson v Moody,* 206 Fed. Appx. 880  (11th Cir. 2006); *Ayton v Owens*,

CV 313-006, 2013 U.S. Disc. LEXIS 113497, 2013 WL 4077995 (S.D. Ga. Aug. 12, 2013).

Plaintiff has not alleged that he was a convicted inmate at the time of his allegations. In

fact, Plaintiff states that he was a pretrial detainee. Doc. 30. ¶4.  Further, even if Plaintiff was a

convicted prisoner, his alleged injuries and damages are de minimis and insufficient to establish a

constitutional violation. *Id.* ¶ 51.  Thus, Plaintiff fails to state a claim under the Eighth Amendment.

**D.      Plaintiff Fails to State a Claim Under the Ninth Amendment.**

The Ninth Amendment provides that "The enumeration in the Constitution, of certain

rights, shall not be construed to deny or disparage others retained by the people." The Ninth

Amendment is not an independent source of constitutional rights and does not provide a basis of a

§1983 claim. *Inman v State Bar of Ga.*, 5:14-CV-202-HL-MSH, 2014 WL 3022553 (M.D. Ga. Jul.

3, 2014) (Citing *Ayton v Owens*, No. CV 313-00, 2013 WL 4077995, at *5, n.5 (S.D. Ga. Aug. 12,

2013)). The Ninth Amendment provides no particular constitutionally guaranteed freedoms.

*Hightower by Dahler v Olmstead*, 959 F. Supp. 1549 (N.D Ga. 1996); *Metz v McKinley*, 583 F.

Supp. 683, 688 (S.D. Ga. 1984), aff'd 747 F.2d 709 (11th Cir. 1984). Thus, Plaintiff fails to state a

§ 1983 claim for a violation of the Ninth Amendment.

## **CONCLUSION**

WHEREFORE, Defendants VitalCore and Nurse Purdie respectfully pray that this Court Grant their Motion to Dismiss Plaintiff's Fifth Amended Complaint and dismiss these Defendants for Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. Rul. Civ. Pro. 12(b)(6).

Respectfully submitted this 20th day of February, 2026

**HALL BOOTH SMITH, P.C.**

1450 Greene Street, Suite 230
Augusta, Georgia 30901
P (706) 494-2690
F (706) 209-0364
rdaitch@hallboothsmith.com

Robin Daitch
Georgia Bar No. 376288
*Counsel for Defendants VitalCore Health Strategies, LLC and Rachel Purdie, RN*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| NEIL KEITH SINGLETON,<br><br>       Plaintiff,<br>v.<br><br>RICHARD ROUNDTREE, CALVIN CHEW,<br>EVERETTE JENKINS, KYLE FERN,<br>HASAN KING, KATHRYN KIRBY,<br>RAVEN FURTICK, VITAL CORE HEALTH<br>STRATEGIES, LLC, AND RACHEL<br>PURDIE<br><br>       Defendants. | **CIVIL FILE ACTION NUMBER:**<br><br>**1:24-cv-00246-JRH-BKE** |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS' VITAL CORE HEALTH STRATEGIES, LLC AND RACHEL PURDIE, RN'S MOTION TO DISMISS PLAINITFF'S FIFTH AMENDED COMPLAINT AND BRIEF IN SUPPORT THEREOF** with the Clerk of Court for the Southern District of Georgia by using the CM/ECF system which will automatically send an electronic notification of such filing, and by placing a copy of same in the United States Mail, in an envelope with adequate postage affixed thereon to ensure delivery, to the following:

| | |
|---|---|
| **Via U.S. Mail only**<br>Neil Singleton<br>1701 Little Flock Church Road<br>Collins Tattnall, GA 30421<br>Neilks1975@outlook.com<br>*Pro Se Litigant* | Tameka Haynes<br>Randolph Frails<br>FRAILS & WILSON, LLC<br>211 Pleasant Homes Road, Suite A-1<br>Augusta, GA 30907<br>thaynes@frailswilson.com<br>randy@frailswilson.com<br>*Attorneys for RCSO Defendants* |

This 20th day of February, 2026

**HALL BOOTH SMITH, P.C**

**ROBIN E. DAITCH**