IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION



| | |
|---|---|
| NEIL KEITH SINGLETON, | |
| Plaintiff, | |
| v. | |
| RICHARD ROUNDTREE, CALVIN CHEW, EVERETTE JENKINS, KYLE FERN, HASAN KING, KATHRYN KIRBY, RAVEN FURTICK, VITAL CORE HEALTH STRATEGIES, LLC, AND RACHEL PURDIE, | CASE NO. CV 124-246 |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS VITAL CORE HEALTH STRATEGIES, LLC AND RACHEL PURDIE, RN'S MOTION TO DISMISS PLAINTIFF'S FIFTH AMENDED COMPLAINT [DOC 47]**

COMES NOW Plaintiff Neil Keith Singleton, appearing pro se, and respectfully submits this Response in Opposition to the Motion to Dismiss filed by Defendants Vital Core Health Strategies, LLC ("VitalCore") and Rachel Purdie, RN ("Nurse Purdie") (collectively, the "Healthcare Defendants") [Doc. 47]. For the reasons set forth below, the Motion should be denied in its entirety. Plaintiff's Fifth Amended Complaint [Doc. 46] plausibly states claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), particularly when liberally construed as required for pro se pleadings.

## INTRODUCTION

Plaintiff, a pretrial detainee at the Charles B. Webster Detention Center ("CBW") in Augusta, Georgia, alleges violations of his constitutional rights under 42 U.S.C. § 1983, including deliberate indifference to serious medical needs, racial discrimination, and related claims. The Healthcare Defendants were responsible for providing medical care at CBW pursuant to their contract with the facility. Plaintiff's Complaint details how Nurse

Purdie, as an employee of VitalCore, was directly involved in intake processing and medical decisions, including the denial of eyeglasses (which were not metal but polycarbonate, while allowing black inmates to have full metal frames; when Plaintiff asked why, Nurse Purdie and other employees replied "because they are black"), medications, hearing aids, CPAP machine, and post-attack care. VitalCore, as the entity providing healthcare services, is liable under a theory of municipal liability for policies, customs, or failures to train that led to these violations.

The Healthcare Defendants' Motion mischaracterizes the Complaint, ignores plausible inferences in Plaintiff's favor, and fails to account for the liberal pleading standard applicable to pro se litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (pro se complaints are held to less stringent standards than those drafted by lawyers). The Complaint raises factual allegations that, taken as true, allow the Court to infer liability. Dismissal is inappropriate.

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal, the complaint need only allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists when the allegations allow the court to draw a reasonable inference of misconduct. Iqbal, 556 U.S. at 678. All well-pleaded facts are viewed in the light most favorable to the plaintiff, and pro se pleadings are liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Dismissal is not warranted merely because defendants dispute the facts or offer alternative interpretations; the Court must resolve ambiguities in Plaintiff's favor at this stage.

## ARGUMENT

A. Plaintiff Has Plausibly Alleged a Claim of Deliberate Indifference to Serious Medical Needs.

Pretrial detainees like Plaintiff are protected from deliberate indifference to serious medical needs under the Fourteenth Amendment's Due Process Clause, which incorporates the same standard as the Eighth Amendment for such claims. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). To state a claim, Plaintiff must allege (1) a serious medical need, (2) the defendant's deliberate indifference to that need, and (3) causation. Nam Dang v. Sheriff, Seminole Cnty., Fla., 871 F.3d 1272, 1280 (11th Cir. 2017). Deliberate indifference requires more than negligence but less than purposeful harm—it

includes reckless disregard of a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994).

Contrary to the Motion, Plaintiff's Complaint plausibly alleges all elements against the Healthcare Defendants. First, serious medical needs existed: Plaintiff informed medical staff, including an unidentified nurse during intake (where Nurse Purdie was involved), of his conditions requiring medications, eyeglasses, hearing aids, and a CPAP machine. Doc. 46 ¶¶ 3, 17-18. Denial of eyeglasses for a detainee with vision impairment constitutes a serious need, as it can lead to headaches, safety risks, and inability to function. See Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996) (denial of prescription glasses creating visual impairment states a claim). Similarly, denial of prescribed medications for ongoing conditions is serious. Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990). Denial of hearing aids for significant hearing impairment is also a serious medical need, as it impairs communication, safety, and daily functioning, and can be effectively treated with aids. Gilmore v. Hodges, 738 F.3d 266, 275 (11th Cir. 2013) (holding that treatable hearing loss qualifies as a serious medical need under deliberate indifference standards). Denial of a CPAP machine for sleep apnea is likewise serious, as untreated sleep apnea poses risks of cardiovascular issues, fatigue, and other health complications. See Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (recognizing obstructive sleep apnea as a serious medical need requiring CPAP treatment); Casanova v. Ulibarri, 595 F. App'x 809, 812 (10th Cir. 2015) (finding evidence sufficient for deliberate indifference where warden intentionally withheld CPAP machine knowing of inmate's severe sleep apnea); United States v. Merritt, No. ACM 39754, 2021 WL 570242, at *6 (A.F. Ct. Crim. App. Feb. 11, 2021) (dissent recognizing that denial of CPAP supplies could constitute deliberate indifference to serious medical needs from sleep apnea). Post-attack injuries—physical pain from punches and kicks, worsening mental health, and related harm—also qualify, even if not fully detailed at pleading; specificity develops in discovery. Doc. 46 ¶¶ 19, 28.

Second, deliberate indifference is alleged: Nurse Purdie, as part of the medical team, failed to provide eyeglasses despite knowing they were needed and that they were not metal but polycarbonate, while allowing black inmates to have full metal frames; when Plaintiff asked why, Nurse Purdie replied "because they are black." She similarly withheld hearing aids and CPAP without justification. Id. ¶¶ 17, 25. Medications were denied "throughout his detention," with intermittent provision insufficient to negate the claim. Id. ¶ 24. The October 1, 2024, incident—where Plaintiff was threatened and attacked while waiting for medications—highlights ongoing delays, and medical staff's departure without ensuring safety infers indifference. Id. ¶ 19. VitalCore is liable because these failures stem from its policies or customs in providing care at CBW, including inadequate training on handling detainee needs. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Cottone v.

Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (entity liability for deliberate indifference via policy or custom). Knowledge is not "imputed" but inferred from the Complaint's allegations of direct involvement and systemic failures. Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008) (each defendant judged on what they knew, but collective failures support entity claim).

Third, causation is plausible: Delays in medications, eyeglasses, hearing aids, and CPAP caused pain, vulnerability to attack, worsened conditions, additional health damage such as exacerbated hearing loss, sleep deprivation leading to fatigue and mental health deterioration, and increased risks from untreated sleep apnea; post-attack indifference exacerbated injuries. Doc. 46 ¶ 28. The Motion's claim of no knowledge ignores inferences—medical staff knew of the confrontation and left, and ongoing denials link to harm. The eventual provision of plastic glasses on October 5, 2024, does not erase prior indifference. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985) (delays in care can constitute indifference). Plaintiff has stated a claim.

B. Plaintiff Has Plausibly Alleged a Racial Discrimination Claim Against the Healthcare Defendants.

To state a § 1983 equal protection claim for racial discrimination, Plaintiff must allege intentional discrimination based on race. Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 272 (1979). The Complaint alleges Plaintiff, a white male, was treated inequitably compared to other inmates, denied privileges and rights based on race. Doc. 46 ¶¶ 17-18. While the Motion focuses on co-defendants, it overlooks Nurse Purdie's role in medical decisions that contributed to this disparity—e.g., denying eyeglasses (which were not metal but polycarbonate) to Plaintiff while allowing black inmates to have full metal frames; when Plaintiff asked why, Nurse Purdie replied "because they are black." This direct statement evidences discriminatory intent. See Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 266 (1977) (discriminatory purpose can be inferred from disparate treatment and statements); Smith v. Town of Clarkton, 682 F.2d 1055, 1065 (4th Cir. 1982) (overt racial statements support equal protection claim). Nurse Purdie similarly denied hearing aids, CPAP, and care in a manner suggesting bias, as part of the facility's overall discriminatory environment. Id. VitalCore, as the healthcare provider, is liable for customs tolerating such discrimination. See Monell, 436 U.S. at 694.

These allegations, liberally construed, allow an inference of discrimination. Discovery will clarify specifics, but at pleading, dismissal is improper. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (detailed facts not required pre-discovery).

C. Plaintiff Has Stated a Claim Cognizable Under the Constitution, Construed as Fourteenth Amendment Due Process.

The Motion correctly notes the Eighth Amendment applies to convicted prisoners, not pretrial detainees like Plaintiff. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). However, pro se complaints are construed liberally to assert the proper legal theory. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Plaintiff's claims of cruel and unusual conditions—denial of medical care, leading to pain and attacks—are properly analyzed under the Fourteenth Amendment, which provides analogous protections. Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir. 1985). Injuries are not "de minimis": physical assaults, pain, and mental deterioration suffice. See Harris v. Coweta Cnty., 21 F.3d 388, 393 (11th Cir. 1994) (no de minimis threshold for deliberate indifference). The claim survives under the correct amendment.

D. Plaintiff Has Stated a Claim Cognizable Under the Constitution, Even if Not Directly Under the Ninth Amendment.

The Ninth Amendment preserves unenumerated rights but is not an independent basis for § 1983 claims. Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986). However, Plaintiff's reference to it supports his broader due process and equal protection claims. Pro se pleadings are not dismissed for imperfect labeling; the Court construes them to raise viable theories. See Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008). The substantive allegations stand independently under the Fourteenth Amendment.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny the Healthcare Defendants' Motion to Dismiss in its entirety and allow this case to proceed to discovery.

Respectfully submitted this 22nd day of February, 2026.

Neil Keith Singleton

1701 Little Flock Church Road

Collins, GA 30421

Neilks1975@outlook.com

Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2026, I served a copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion to Dismiss by ELECTRONIC MEANS to:

Robin Daitch

Hall Booth Smith, P.C.

1450 Greene Street, Suite 230

Augusta, GA 30901

RDaitch@hallboothsmith.com


Tameka Haynes

Randolph Frails

Frails & Wilson, LLC

211 Pleasant Home Road, Suite A-1

Augusta, GA 30907

thaynes@frailswilsonlaw.com


Neil Singleton

Pro Se