IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| NEIL KEITH SINGLETON,<br><br>  Plaintiff,<br><br>v.<br><br>RICHARD ROUNDTREE, CALVIN CHEW, EVERETTE JENKINS, KYLE FERN, HASAN KING, KATHRYN KIRBY, RAVEN FERTICK, VITAL CORE HEALTH STRATEGIES, LLC, and RACHEL PURDIE,<br><br>  Defendants. | CASE NO.: 1:24-cv-246 |

**MOTION TO DISMISS**

COME NOW Defendants Richard Roundtree, Calvin Chew, Everett Jenkins, Kyler Fern, Hasan King, Kathryn Kirby, and Raven Furtick, and file this Motion to Dismiss Plaintiff's Fifth Amended Complaint (Doc. 46), showing the Court the following:

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he was a pretrial detainee at the Charles B. Webster Detention Center ("CBWDC") in September and October of 2024. Doc. 46 ¶ 3. Plaintiff alleges that he was denied medical care and access to religious services during his detention. *Id*. ¶ 24, 41. Plaintiff, who is white, also alleges that he was discriminated against because black inmates were treated more favorably. *Id*. ¶ 32. Plaintiff filed this action under § 1983 alleging that former Richmond County Sheriff Richard Roundtree, former Chief Deputy Calvin Chew, Lieutenant Everett Jenkins, Deputy Kyler Fern, Deputy Hasan King, Deputy Kathryn Kirby, and Deputy Raven Furtick ("RCSO Defendants") violated his First, Eighth, Ninth, and Fourteenth Amendment rights.

1

## II.     MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, a plaintiff's complaint must state a plausible claim for relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Factual allegations must raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft* at 678.  A complaint is subject to dismissal when its factual allegations establish an affirmative defense that bars recovery. *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2003).

## III.     ARGUMENT

### A. Plaintiff's Claims Against Richard Roundtree in His Official Capacity Are Not Cognizable.

Plaintiff purports to bring individual and official capacity claims against former Sheriff Richard Roundtree pursuant to § 1983. Doc. 46 ¶ 4. Section 1983 provides a cause of action against "every person" who, under color of any law deprives another of a constitutional right. 42 U.S.C. § 1983.  Only persons are subject to liability under § 1983, and states are not persons within the meaning of this statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).  Similarly, the Eleventh Amendment bars suits in federal court against a state or arm of the state. *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003).   Thus, sheriffs and their deputies acting as arms of the state are not subject to suit in their official capacity under § 1983. *See Howlett v. Rose*, 496 U.S. 356 (1990); *Bell v. Houston County*, No. 5:04-CV-390, 2006 U.S. Dist. LEXIS 43387, *35 (M.D. Ga Apr. 11, 2006).

Here, Plaintiff's claims stem from his detention in the CBWDC. Doc. 46 ¶ 3. Plaintiff alleges that Sheriff Roundtree was indifferent to his medical needs, discriminated against him, and violated his free exercise of religion at the CBWDC. Georgia statute O.C.G.A. § 42-4-4 provides that sheriffs shall have custody of persons confined in county jails. Thus, sheriffs and their deputies act as arms of the State of Georgia when administering county jails. *Purcell ex. Rel. Estate of Morgan v. Toombs County*, 400 F.3d 1313, 1325 (11th Cir. 2005); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Sheriff Roundtree would have been acting pursuant to state authority during the events alleged in Plaintiff's complaint, and Plaintiff's claims against him in an official capacity are not cognizable under § 1983.

### B. Plaintiff Fails To State A Claim For Deliberate Indifference To Serious Medical Needs.

To state a claim for deliberate indifference, a plaintiff must show a serious medical need, the defendant's deliberate indifference to that need, and causation between the indifference and an injury. *Nam Dang v. Sheriff, Seminole Cty. Fla.*, 871 F.3d 1272, 1279 (11th Cir. 2017). A serious medical need is one that had been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention. *Id.* at 1280 (citing *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). To show deliberate indifference, a plaintiff must prove that each Defendant had subjective knowledge of a serious risk of harm and disregarded that risk by conduct that is more than mere negligence. *Id.* Imputed knowledge cannot form the basis for a claim of deliberate indifference. *Id.* (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)). Thus, a plaintiff must allege an injury that was caused by each defendant.

3

Here, Plaintiff alleges one specific instance when Deputy Furtick allegedly denied him medical care after he was kicked and punched by another inmate. Doc. 46 ¶ 25. However, Plaintiff alleges that Deputy Furtick did not even witness the attack. *Id.* ¶ 19. Plaintiff fails to allege that any serious medical need resulted from this attack, that Deputy Furtick had knowledge of the alleged attack, or that he suffered an injury due to a lack of medical care. With regard to the other RCSO Defendants, Plaintiff completely fails to allege any factual allegations that could form the basis of a claim of deliberate indifference.

It appears that Plaintiff may be attempting to state a claim for supervisory liability in alleging that Defendants Roundtree, Chew, Jenkins, Fern, King, Kirby, and Furtick enforced policies that denied him medical access. Doc. 46 ¶ 27. A government official cannot be liable under a theory of respondeat superior under § 1983. *See Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Supervisory liability occurs only when the supervisor personally participates in an unconstitutional act or where there is a causal connection between the supervisor's actions and the alleged violation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection can be established by showing: a history of widespread abuse that the supervisor failed to correct, a supervisor's custom or policy that results in deliberate indifference to constitutional rights, or that the supervisor directed subordinates to act unlawfully or failed to stop them from acting unlawfully. *Id.* The policy must be persistent, widespread, and the moving force that caused the constitutional violation. *Cuesta v. Sch. Bd.*, 285 F.3d 962, 967 (11th Cir. 2002). Further, the deprivations must be obvious and of continued duration rather than isolated occurrences. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). The standard by

4

which a supervisor is held individually liable for an employee's conduct is extremely rigorous. *Cottone* at 1360.

Even at the motion to dismiss stage, a plaintiff must allege factual allegations of multiple incidents of unconstitutional conduct to show a policy that resulted in deliberate indifference or a history of widespread abuse. Conclusory allegations about a supervisor's customs and policies, without factual support, do not establish a claim for supervisory liability. *Bivens v. Coffee County,* No. 5:21-cv-14, 2021 *U.S.* Dist. LEXIS 138835 at *14-15 (S.D. Ga July 26, 2021). Further, merely citing one's own personal experience is insufficient to establish a longstanding and widespread practice of abuse. *Derks v. Bassa*, No. 22-13202, 2023 U.S. App. LEXIS 23268, *4 (11th Cir. 2023).

First, Defendants Fern, King, Kirby, and Furtick were jailers and not supervisors. Doc. 46 ¶¶ 7-10. Second, Plaintiff simply makes insufficient conclusory allegations that Defendants "enforced or failed to correct policies." *Id*. ¶ 27. Plaintiff has not alleged that any supervisors were personally involved in denying him any medical care, and he fails to establish any causal connection between the supervisors and any alleged denial of medical care. Third, a supervisor cannot be liable if there is no underlying constitutional violation. *Paez v. Mulvey*, 915 F.3d 1276, 1291 (11th Cir. 2019); *Gish v. Thomas,* 516 F.3d 952, 955 (11th Cir. 2008). Because Plaintiff fails to establish an underlying deliberate indifference claim against a deputy, Plaintiff also fails to establish a supervisory liability claim. Therefore, Plaintiff fails to establish a claim for deliberate indifference to a serious medical need against any RCSO Defendant.

### C. Plaintiff Fails To State An Equal Protection Claim.

To establish an equal protection claim under the Fourteenth Amendment, a plaintiff must demonstrate that he is similarly situated to other inmates who received

more favorable treatment and that his discriminatory treatment was based on race. *Jones v. Ray*, 279 F.3d 944, 946-7 (11th Cir. 2001). Here, Plaintiff makes broad allegations about how Defendants allegedly discriminated against him, but he fails to make any individualized allegations against the Defendants. The only specific allegation Plaintiff makes is against Defendant Furtick when he alleges that she failed to intervene when he was attacked. Doc. 46 ¶ 34. However, there is no allegation that she treated other inmates more favorably. Thus, he fails to establish an equal protection claim against Furtick.

With regard to the other RCSO Defendants, Plaintiff wholly fails to state an equal protection claim against them. Plaintiff makes no specific factual allegations against the other Defendants, and Plaintiff must allege that each Defendant violated the constitution through his own actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). For the same reasons fully enumerated above in section B, Plaintiff also fails to establish any supervisory liability claims. *See* Doc. 46 ¶ 36. Defendant Fern was not a supervisor, and Plaintiff fails to establish that Defendants Roundtree, Chew, and Jenkins personally participated in an unconstitutional act or that there is a causal connection between their actions and the alleged discrimination. Thus, Plaintiff fails to establish any equal protection claims against the RCSO Defendants.

### D. Plaintiff Fails To State A Free Exercise Claim Under The First Amendment.

The First Amendment provides that congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. Thus, inmates have a constitutional right to the free exercise of religion. However, jail regulations that infringe on an inmate's First Amendment rights are valid if reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 87 (1987). To establish a free exercise

6

claim, a plaintiff must show that the defendant imposed a substantial burden on his practice of religion. *Wilkinson v. Geo Group, Inc.,* 617 Fed. Appx. 915, 917 (11th Cir. 2015). Specifically, an inmate must show that he was completely prevented from engaging in religious activity. *Chapman v. Proctor*, No. 2:20-cv-91, 2022 U.S. Dist. LEXIS 29786, *22 (S.D. Ga. Jan. 10, 2022) (citing *Hoever v. Belleis*, 703 F. App'x 908, 912 (11th Cir. 2017)), adopted by No. 2:20-cv-91, 2022 U.S. Dist. LEXIS 29806 (Feb. 18, 2022). Here, Plaintiff fails to allege any religiously mandated practice in which he was prevented from participating.

Plaintiff alleges that during a nine-day lockdown of his pod, he was denied religious services and that a clergy member denied him access to a small bible. Doc 46 ¶ 41, 15. However, the only Defendant referenced with regard to Plaintiff's free exercise claim is Deputy Fern, and Plaintiff alleges that Deputy Fern told him small bibles were taken away because inmates were using them to bend doors. *Id.* ¶ 42. That alleged conversation does not provide an inference that Deputy Fern imposed any substantial burden on Plaintiff's religion. Moreover, courts have held that an allegation that an inmate was briefly denied a bible is not sufficient to establish a First Amendment claim since the inmate was not prevented from engaging in all religious practice. *E.g. Chapman* at *22; *See also Silvers v. Murray,* No. 4:24-cv-1077-RDP-GMB, 2025 U.S. Dist. LEXIS 57537, *7 (N. D. Ala. Mar. 5, 2025). Plaintiff even admits that clergy were allowed on the pod, presumably to aid in religious exercise. Doc. 46 ¶ 41. Plaintiff has only alleged that the clergy would not give him a small bible because the bibles were used to bend doors. *Id*. ¶¶ 41-42. Thus, Plaintiff admits that the alleged regulation on bibles was reasonably related to penological concerns pursuant to *Turner*. Further, jails are not obligated to allow inmates' access to bibles that are not approved or provided by the jail. *Allah v. Mac*

7

*Sims Butler Det. Facility*, No. 2:12-CV-255-WHA, 2012 U.S. Dist. LEXIS 57262, *6-7 (M.D. Ala. Mar. 27, 2012), adopted by 2012 U.S. Dist. LEXIS 56808 (M.D. Ala. Apr. 24, 2012) (dismissing a free exercise of religion claim when the plaintiff only alleged that his detention center would not permit him access to his personal bible). While Plaintiff also names Defendants Roundtree, Chew, Jenkins, King, Kirby, and Furtick in this count, Plaintiff makes no factual allegations against them that would allow this court to infer that they could have substantially burdened Plaintiff's religion. Thus, Plaintiff fails to state a free exercise claim under the First Amendment.

### E. Plaintiff Fails To State A Claim Under The Eighth Amendment.

The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment's prohibition of cruel and unusual punishment only applies to convicted prisoners. *Wimbush v. Conway*, 768 Fed. Appx. 958, 968 (11th Cir. 2019) (quoting *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996)). Plaintiff has not alleged that he was a convicted inmate at the time of his allegations. In fact, Plaintiff states that he was a pretrial detainee during the time of his allegations. Doc. 46, ¶ 3. Thus, Plaintiff fails to state any claims under the Eighth Amendment.

### F. Plaintiff Fails To State A Claim Under The Ninth Amendment.

The Ninth Amendment provides that "The enumeration in the Constitution, of certain rights, shall not be constructed to deny or disparage others retained by the people." The Ninth Amendment is not an independent source of constitutional rights and does not provide a basis for a § 1983 claim. *Inman v. State Bar of Ga.*, No. 5:14-CV-202-HL-MSH, 2014 U.S. Dist. LEXIS 90454, *4 (M.D. Ga. Jul. 3, 2014) (citing *Ayton v. Owens*, No. CV 313-006, 2013 U.S. Dist. LEXIS 113497, 2013 WL 4077995, at *5, n. 5

8

(S.D. Ga. Aug. 12, 2013)). Thus, Plaintiff fails to state a § 1983 claim for a violation of the Ninth Amendment.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiff fails to state any claims against Defendants Richard Roundtree, Calvin Chew, Kyler Fern, Hasan King, Kathryn Kirby, or Raven Furtick. Therefore, Defendants' Motion to Dismiss should be granted.

Respectfully submitted this 23rd day of February 2026.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for RCSO Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| NEIL KEITH SINGLETON,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD ROUNDTREE, CALVIN CHEW, EVERETTE JENKINS, KYLE FERN, HASAN KING, KATHRYN KIRBY, RAVEN FERTICK, VITAL CORE HEALTH STRATEGIES, LLC, and RACHEL PURDIE,<br><br>    Defendants. | CASE NO.: 1:24-cv-246 |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing **Motion to Dismiss** in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, via email, or via the United States Mail with adequate postage attached thereon to:

| | |
|---|---|
| Neil Keith Singleton<br>1701 Little Flock Church Road<br>Collins, GA 30421<br>Neilks1975@outlook.com | Robin E. Daitch<br>Charles H. Rollins<br>1450 Greene Street, Suite 220<br>Augusta, GA 30901<br>rdaitch@hallboothsmith.com<br>crollins@hallboothsmith.com |

This 23rd day of February 2026.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for RCSO Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com