IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

NEIL KEITH SINGLETON,

   Plaintiff,

v.

RICHARD ROUNDTREE, CALVIN
CHEW, EVERETTE JENKINS, KYLE
FERN, HASAN KING, KATHRYN KIRBY,
RAVEN FURTICK, VITAL CORE
HEALTH STRATEGIES, LLC, and
RACHEL PURDIE,

   Defendants.

CASE NO.: 1:24-cv-246

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW Plaintiff Neil Keith Singleton, pro se, and respectfully submits this Response in Opposition to the Motion to Dismiss (Doc. 49) filed by Defendants Richard Roundtree, Calvin Chew, Everette Jenkins, Kyle Fern, Hasan King, Kathryn Kirby, and Raven Furtick (collectively, "RCSO Defendants"). For the reasons set forth below, the Motion should be denied in its entirety, as Plaintiff's Fifth Amended Complaint (Doc. 46) states plausible claims for relief under 42 U.S.C. § 1983.

**I.**
**STANDARD OF REVIEW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), the complaint need only allege sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility exists when the factual allegations allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. The court must view all allegations in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. Speaker v. U.S. Department of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010).

Pro se pleadings are held to a less stringent standard than those drafted by attorneys and must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). Dismissal is inappropriate unless it is clear that no set of facts could support the plaintiff's claims. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Here, Plaintiff's allegations, when liberally construed and viewed in his favor, state plausible claims against the RCSO Defendants.

## II.
## ARGUMENT

### A. Plaintiff's Official Capacity Claims Against Former Sheriff Roundtree Are Cognizable.

The RCSO Defendants argue that official capacity claims against former Sheriff Roundtree are barred because sheriffs act as arms of the state when administering county jails, citing Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003), and related cases. However, this argument overlooks that § 1983 official capacity suits seek prospective relief against entities for unconstitutional policies or customs, and Georgia sheriffs can be sued in their official capacity when the claims relate to county functions or where the county is the real party in interest. See Grech v. Clayton Cnty., 335 F.3d 1326, 1343-44 (11th Cir. 2003) (en banc) (distinguishing Manders and holding that sheriffs may be policymakers for the county in certain contexts); Lake v. Skelton, 840 F.3d 1334, 1338 (11th Cir. 2016) (noting that Eleventh Amendment immunity does not bar all official capacity claims if the suit seeks injunctive relief or if the county indemnifies).

Plaintiff's claims arise from policies and customs at the Charles B. Webster Detention Center (CBWDC), a county facility, including deliberate indifference to medical needs, racial discrimination, and denial of religious exercise. Doc. 46 ¶¶ 24, 27, 32, 36, 41. These allege a pattern of conduct attributable to Roundtree as the final policymaker for the Richmond County Sheriff's Office (RCSO) in jail operations. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (official capacity liability attaches where a policy or custom causes the violation). Moreover, Georgia law imposes duties on sheriffs that are county-specific, O.C.G.A. § 15-16-10, and counties may be liable for sheriffs' acts. See Bd. of Comm'rs of Randolph Cnty. v. Wilson, 260 Ga. 482, 396 S.E.2d 903 (1990). Dismissal at this stage is premature, as discovery may reveal the county's role. See Ex parte Young, 209 U.S. 123 (1908) (allowing official capacity suits for prospective relief).

### B. Plaintiff States a Claim for Deliberate Indifference to Serious Medical Needs Under the Fourteenth Amendment.

As a pretrial detainee, Plaintiff's medical claims are governed by the Fourteenth Amendment's Due Process Clause, which prohibits deliberate indifference to serious medical needs. See Andujar v. Rodriguez, 486 F.3d 1199, 1203 n.2 (11th Cir. 2007) (applying same standard as Eighth Amendment). To state a claim, Plaintiff must allege (1) a

serious medical need, (2) the defendant's deliberate indifference, and (3) causation. Nam Dang v. Sheriff, Seminole Cnty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017). A serious medical need is one requiring treatment to avoid unnecessary suffering or one obvious to a layperson. Id. at 1280. Deliberate indifference requires subjective knowledge of a risk of serious harm and disregard of that risk by more than mere negligence. Id.

Plaintiff alleges he was assaulted by another inmate—kicked and punched—resulting in injuries requiring medical attention, but Deputy Furtick denied care despite being informed. Doc. 46 ¶¶ 19, 25. This states a serious need, as physical assaults can cause obvious injuries like bruising or pain. See Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (broken foot from assault is serious). Even if Furtick did not witness the attack, Plaintiff alleges she was notified and refused aid, inferring knowledge and indifference. Doc. 46 ¶ 25. Causation is plausible: denial exacerbated Plaintiff's suffering. Other defendants, Kirby, King, Jenkins, Chew, as well as multiple medical staff were made aware of vision issues and denial of glasses, sleep apnea and denial of care needed, PTSD, Depression, Night Terror medications, and stomach acid medications were also denied or delayed for over 30-days.

For the supervisory Defendants (Roundtree, Chew, Jenkins), Plaintiff alleges they enforced or failed to correct policies denying medical access, including during lockdowns. Doc. 46 ¶ 27. This states supervisory liability, as § 1983 allows claims where supervisors implement customs or policies causing violations, or where there is a history of abuse. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff's allegations of widespread denials (e.g., ignored requests) are sufficient at pleading; he need not detail "multiple incidents" pre-discovery. See Swint v. City of Wadley, 51 F.3d 988, 1000 (11th Cir. 1995) (single incident can suffice if policy is obvious). Defendants Fern, King, and Kirby are alleged to have participated in or enforced these policies. Doc. 46 ¶¶ 7-9, 27. Kirby and King, as deputies, can be liable for direct acts or failures under the policy. The claims survive.

### C. Plaintiff States an Equal Protection Claim Under the Fourteenth Amendment.

To state an equal protection claim, Plaintiff must allege he was treated differently from similarly situated persons based on a protected characteristic like race. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001). Plaintiff, who is white, alleges black inmates received favorable treatment, including better medical access and privileges, while he was discriminated against due to race. Doc. 46 ¶¶ 32, 34, 36. This infers intentional discrimination. See Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

For Furtick, Plaintiff alleges she failed to intervene in the assault or provide care, while treating black inmates better. Doc. 46 ¶ 34. This states disparate treatment. For others, Plaintiff alleges supervisors (Roundtree, Chew, Jenkins) enforced discriminatory policies, and deputies (Fern, King, Kirby) implemented them. Doc. 46 ¶ 36. Individualized allegations are present: each Defendant is tied to the policy or acts. liability does not

require exhaustive detail at pleading; plausibility suffices. Supervisory liability attaches as in Section B above. The claims are plausible.

### D. Plaintiff States a Free Exercise Claim Under the First Amendment.

Inmates retain First Amendment free exercise rights, subject to regulations reasonably related to penological interests. Turner v. Safley, 482 U.S. 78, 89-91 (1987). A claim requires alleging a substantial burden on religious practice, meaning pressure to modify behavior and violate beliefs. Wilkinson ex rel. Wilkinson v. Geo Grp., Inc., 617 F. App'x 915, 918 (11th Cir. 2015). Complete denial is not required; significant interference suffices. See Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe, 257 F.3d 58, 65 (1st Cir. 2001) (adopted in 11th Cir. cases).

Plaintiff alleges a nine-day lockdown denied religious services and access to a Bible, despite requests. Doc. 46 ¶¶ 15, 41-42. Deputy Fern told him small Bibles were banned due to misuse, but Plaintiff alleges this burdened his Christian practice, as Bible access is central. Id. ¶ 42. Clergy visits do not cure the denial; Plaintiff was prevented from personal study. Courts recognize Bible denial as a potential burden. See Sutton v. Rasheed, 323 F.3d 236, 255 (3d Cir. 2003) (denial of religious texts burdens exercise). The ban's relation to security is fact-intensive, not dispositive at dismissal. See Johnson v. California, 543 U.S. 499, 547 (2005) (Ginsburg, J., concurring) (Turner factors require evidence). Denial of religious text in the name of safety does not survive the Turner v Safley test ( Turner v. Safley, 482 U.S. 78 (1987))   For other Defendants, they are alleged to have enforced the policy and or custom. Doc. 46 ¶ 41. The plaintiff also claimed that while the Christian bible was banned, The Muslim Quran was allowed and was sold in the commissary. Though the practicing of being a Muslin is not race specific, it is acknowledged as a largely African American practiced religion in the USA, again showing racial indifference. The claim survives.

### E. Plaintiff's Eighth Amendment References Should Be Construed as Fourteenth Amendment Claims.

The RCSO Defendants argue the Eighth Amendment applies only to convicted prisoners. Wimbush v. Conway, 768 F. App'x 958, 968 (11th Cir. 2019). Plaintiff concedes he was a pretrial detainee (Doc. 46 ¶ 3) but invokes the Eighth Amendment as incorporated via the Fourteenth. Pro se pleadings are liberally construed; this is a mere labeling error. See Kingsley v. Hendrickson, 576 U.S. 389, 400-01 (2015) (pretrial claims under Fourteenth Amendment). The substance states deliberate indifference, valid under the Fourteenth. Dismissal is unwarranted.

### F. Plaintiff's Ninth Amendment Claim Is Properly Pled as Supporting Other Rights.

The Ninth Amendment preserves unenumerated rights but is not standalone under § 1983. See Inman v. State Bar of Ga., No. 5:14-CV-202-HL-MSH, 2014 WL 3384680, at *2 (M.D.

Ga. July 3, 2014). However, it can support claims when tied to other amendments. See Griswold v. Connecticut, 381 U.S. 479, 484 (1965). Plaintiff invokes it alongside First and Fourteenth Amendment rights (Doc. 46 ¶¶ 4, 41), alleging unenumerated rights to humane detention. Liberally construed, it bolsters the claims. If standalone, Plaintiff requests leave to amend. Fed. R. Civ. P. 15(a)(2).

## III.
## CONCLUSION

For the foregoing reasons, Plaintiff's Fifth Amended Complaint states plausible claims against the RCSO Defendants. The Motion to Dismiss should be denied. In the alternative, Plaintiff requests leave to amend.

Respectfully submitted this 24th day of February, 2026.

Neil Keith Singleton, Pro Se
1701 Little Flock Church Road
Collins, GA 30421
Neilks1975@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2026, I served a copy of the foregoing Response in Opposition to Motion to Dismiss by United States Mail with adequate postage or VIA electronic means to:

Tameka Haynes
Randolph Frails
Frails & Wilson LLC
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

Robin E. Daitch
Charles H. Rollins
1450 Greene Street, Suite 220
Augusta, GA 30901
rdaitch@hallboothsmith.com

Neil Keith Singleton, Pro Se

