**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

NEIL KEITH SINGLETON,                  *
                                       *
       Plaintiff,                      *
                                       *
       v.                              *
                                       *
RICHARD ROUNDTREE, CALVIN              *        CV 124-246
CHEW, EVERETTE JENKINS, KYLE           *
FERN, HASAN KING, KATHRYN              *
KIRBY, RAVEN FURTICK, VITAL            *
CORE HEALTH STRATEGIES, LLC,           *
and RACHEL PURDIE,                     *
                                       *
       Defendants.                     *

**O R D E R**

Before the Court is Defendants Vital Core Health Strategies, LLC ("Vital Core") and Rachel Purdie's (collectively, the "Healthcare Defendants") motion to dismiss Plaintiff's fifth amended complaint (the "Complaint"). (Doc. 47.) For the following reasons, the Healthcare Defendants' motion is **GRANTED**.

**I. BACKGROUND**

This case arises out of actions that took place when Plaintiff was a pre-trial detainee at the Charles B. Webster Detention Center ("CBW") in Augusta, Georgia from September 5, 2024 to October 26, 2024. (Doc. 46, at 1, 3.) On September 5, 2024, Plaintiff was processed as a pre-trial detainee and informed the nurse of "his

medical conditions, including severe obstructive sleep apnea, PTSD, depressive disorder, mood disorder, anxiety, sleeping disorder, hearing loss, spinal fusion from C1-C5, and GERD." (Id. at 3.)  Even though the nurse mandated a lower-bunk assignment for his medical needs, Plaintiff was never assigned a lower bunk. (Id.) However, Plaintiff alleges the black inmates were assigned to their own cells, and he, a white inmate, was often with six others in a one-man cell. (Id.)

During a lockdown from September 6, 2024 to September 15, 2024, Plaintiff was denied access to a shower, phone, attorneys, medical care, medications, prescription glasses, hearing aids, laundry services, religious services, and religious texts. (Id.) As a result, Plaintiff "suffered severe depression, hallucinations, hearing voices, and anger." (Id.) Plaintiff was told his prescription glasses were prohibited because they had metal on them, but he alleges they were not metal and had a polycarbonate frame. (Id.) Plaintiff's spouse brought him plastic glasses on two occasions, but he was denied the first pair and permitted to have the second pair on October 5, 2024. (Id.) Plaintiff was never permitted to have his hearing aids or wedding ring "despite at least a dozen other black male detainees possessing theirs." (Id.) Plaintiff alleges Defendants Purdie, King, and Kirby were aware of his complaints about his glasses and

2

hearing aids, including that other black males were permitted to possess these items. (Id.)

Around October 1, 2024, Plaintiff was attacked by an inmate in front of Defendants Furtick and Purdie while waiting for medications. (Id.) The attacking inmate stated, "I hate you f[***]ing crackers" while holding a "6-to-9-inch shiv." (Id.) Plaintiff asked Defendant Furtick if this was assault with a deadly weapon, but she did not respond. (Id.) Defendant Purdie, a medical staff employee of Vital Core, then stated, "Maybe don't agitate the black inmates." (Id. at 2-3.) After Defendants Furtick and Purdie left, the inmate punched and kicked Plaintiff multiple times. (Id. at 3.) Plaintiff did not receive medical care upon request. (Id.)

Around October 4, 2024, an inmate threatened Plaintiff with a metal shank. (Id.) Plaintiff reported this encounter to Defendant Jenkins, who Plaintiff claims took no action. (Id.) This inmate attacked Plaintiff, causing him to suffer from a "small black eye." (Id.)

On February 9, 2026, Plaintiff filed the Complaint[1], alleging under 42 U.S.C. § 1983 that his Eighth, Ninth, and Fourteenth Amendment rights were violated. (Id. at 4-7.) Under the

---

[1] Because the Court's February 6, 2026 Order granted Plaintiff leave to file a fifth amended complaint, the Complaint (Doc. 46) is the operative pleading, and the Court does not consider Plaintiff's previous complaints for this analysis.

Fourteenth Amendment, he alleges a claim for deliberate indifference to serious medical needs against the Healthcare Defendants and a claim for racial discrimination against Defendant Purdie. (Id. at 4-5.) On February 20, 2026, the Healthcare Defendants filed a motion to dismiss. (Doc. 47.) On February 23, 2026, Plaintiff responded. (Doc. 48.)

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation

4

omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

## III. DISCUSSION

The Healthcare Defendants move to dismiss based on Plaintiff's failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 47, at 2.) They argue that although Plaintiff alleges constitutional violations, the Complaint is "devoid of even the bare elements for a claim of negligence and imputed negligence against [the Healthcare Defendants]." (Id.) They further argue that Plaintiff fails to explain "how [Defendant] Purdie was responsible for providing those rights, what duty she had to provide those rights, how she acted under color of law, or exactly how she failed in any duty beyond [Plaintiff's] vague accusations." (Id.) Plaintiff argues the Complaint details how Defendant Purdie, an employee of

5

Defendant Vital Core, "was directly involved in intake processing and medical decisions, including the denial of eyeglasses . . . medications, hearing aids, CPAP machine, and post-attack care." (Doc. 48, at 1-2.) Plaintiff further argues that "Vital Core, as the entity providing healthcare services, is liable under a theory of municipal liability for policies, customs, or failures to train that led to these violations." (Id.) The Court examines each claim.

1. Deliberate Indifference to Serious Medical Needs

The Healthcare Defendants argue Plaintiff fails to state a claim of deliberate indifference to serious medical needs. (Doc. 47, at 3.) The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners.[2] Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). Since a prisoner is unable to care for his medical needs because of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate

---

[2] Claims of deliberate indifference to a serious medical need of a pretrial detainee, such as is the case here, are governed by the Fourteenth Amendment's Due Process Clause. Case v. Riley, 270 F. App'x 908, 909 n.2 (11th Cir. 2008). The Eighth Amendment's Cruel and Unusual Punishment Clause applies to claims of convicted prisoners. Id. "However, pretrial detainees are afforded the same protection as prisoners, and cases analyzing deliberate indifference claims of pretrial detainees and prisoners can be used interchangeably." McDaniels v. Lee, 405 F. App'x 456, 458 (11th Cir. 2010). Thus, Plaintiff properly brings this claim under the Fourteenth Amendment.

6

indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105.

To prevail on his claim of deliberate indifference, Plaintiff must allege: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted); see Nam Dang v. Sheriff, Seminole Cnty., 871 F.3d 1272, 1280 (11th Cir. 2017) ("An official disregards a serious risk by more than mere negligence 'when he or she knows that an inmate is in serious need of medical care, but he or she fails or refuses to obtain medical treatment for the inmate.'").

Deliberate indifference requires "(1) subjective knowledge of a risk of serious harm; and (2) disregard of that risk (3) by conduct that is more than mere negligence." Nam Dang, 871 F.3d at 1280. Subjective knowledge demands that "the defendant 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099-1100 (11th Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

In Eleventh Circuit decisions, deliberate indifference to medical needs has included: "(1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of

7

treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (citation omitted). Also, "[a]llegations of a delay in medical care for 'serious and painful injuries' . . . can state a claim for a violation of the Eighth Amendment, especially where delay in treating a 'known or obvious' serious medical condition is unexplained." Granda v. Schulman, 372 F. App'x 79, 83 (11th Cir. 2010) (citations omitted). But, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. Medical treatment violates the Eighth Amendment only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) (citation omitted).

The Healthcare Defendants argue that Plaintiff fails to state a claim of deliberate indifference to serious medical needs based on his allegations that he was deprived of his medications, medical attention, and his eyeglasses. (Doc. 47, at 3-4.) First, the Healthcare Defendants argue Plaintiff was not denied medication as alleged because he states he was "waiting for medications" when he was confronted by another inmate. (Id. at 3.) Second, the Healthcare Defendants argue they had no knowledge of an alleged medical need after Plaintiff was punched and kicked by another

8

inmate because, as Plaintiff states, it occurred "after medical staff left." (Id.) Further, they argue Plaintiff fails to identify any specific injuries incurred either by the alleged punching and kicking or otherwise for the Healthcare Defendants to act indifferently towards. (Id.) Third, the Healthcare Defendants argue they were not deliberately indifferent to Plaintiff's medical need for his eyeglasses because his initial eyeglasses contained metal and were prohibited, and he was permitted to wear the non-metal glasses that his spouse brought to him on October 5, 2024. (Id. at 4.)

Plaintiff argues that the Healthcare Defendants denied him his medications, eyeglasses, hearing aids, and a CPAP machine, which are all serious medical needs. (Doc. 48, at 3.) Plaintiff argues Defendant Purdie knew he needed eyeglasses and prohibited him from using the eyeglasses he brought even though they were not metal. (Id.) Plaintiff further argues that his "[m]edications were denied 'throughout his detention,' with intermittent provision insufficient to negate the claim." (Id.) Finally, Plaintiff argues the alleged indifference to serious medical needs "caused pain, vulnerability to attack, worsened conditions, [and] additional health damage." (Id. at 4.) As to the Healthcare Defendants' knowledge of Plaintiff's injuries following the attack by another inmate, Plaintiff argues the Healthcare Defendants "knew of the confrontation and left." (Id.) Regarding Defendant

9

Vital Core, Plaintiff argues it is liable because its policies and customs in providing care at CBW caused failures of the medical staff. (Id. at 3.)

Accepting Plaintiff's allegations as true, the Court finds the alleged conduct — deliberate indifference to Plaintiff's medical conditions and post-attack injuries — does not rise to the level required to allege a constitutional violation. First, Plaintiff alleges the Healthcare Defendants were deliberately indifferent by denying his medications, medical care, eyeglasses, and hearing aids, but he fails to allege any injury that resulted from their alleged deliberate indifference. (Doc. 46, at 4.) While Plaintiff alleges that he suffered from severe depression, hallucinations, hearing voices, and anger, he fails to plead how the Healthcare Defendants' indifference caused these injuries. (Id. at 3.) Even assuming Plaintiff's alleged medical conditions rise to a serious medical need, Plaintiff fails to allege the Healthcare Defendants' deliberate indifference to that need caused an injury to Plaintiff. Thus, the third prong of deliberate indifference is not met because Plaintiff fails to allege causation between Defendant Purdie's alleged deliberate indifference and any injuries Plaintiff incurred as a result. Mann, 588 F.3d at 1306-07.

Second, Plaintiff alleges that Defendant Purdie witnessed a verbal attack with a weapon, told Plaintiff "[m]aybe don't agitate

the black inmates," left before the inmate punched and kicked Plaintiff, and then did not provide medical care. (Doc. 46, at 3.) Beyond conclusory statements, Plaintiff fails to allege the injuries he incurred after getting punched and kicked, how long after Defendant Purdie left that the attack occurred, or whether he requested medical care specifically from Defendant Purdie. Based on Plaintiff's conclusory allegations, the Court finds Plaintiff failed to allege Purdie was deliberately indifferent or had subjective knowledge of the risk of serious harm. Although Plaintiff alleges Purdie saw another inmate state a racial slur to Plaintiff while holding a shiv, Plaintiff fails to allege Purdie was aware of and inferred that a substantial risk of serious harm existed. (Id.) Purdie advised Plaintiff not to agitate other inmates and then walked away. (Id.) Plaintiff's conclusory allegations of Purdie's actions cannot be said to be so grossly incompetent or inadequate as to "shock the conscience." Rogers, 792 F.2d at 1058. Because the Court finds Plaintiff failed to state a claim against Defendant Purdie, the Court dismisses this claim for both Defendants Purdie and Vital Core, as her employer. Thus, Plaintiff's claim for deliberate indifference to a serious medical need against the Healthcare Defendants is **DISMISSED**.

### 2. Racial Discrimination

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its

11

jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." Watson v. Div. of Child Support Servs., 560 F. App'x 911, 913 (11th Cir. 2014) (per curiam) (internal quotations omitted) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)). To state a valid equal protection claim, a prisoner must show: (1) that he has been treated differently from other "similarly situated" inmates; and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (citation omitted). Additionally, a prisoner must demonstrate that the defendants were motivated by a discriminatory intent or purpose. Parks v. City of Warner Robins, 43 F.3d 609, 616 (11th Cir. 1995) (citing Hernandez v. New York, 500 U.S. 352, 359-60 (1991)) (requiring "proof of discriminatory intent or purpose" to show an Equal Protection Clause violation).

The Healthcare Defendants argue Plaintiff's allegations for racial discrimination solely involve Defendants Roundtree, Chew, Jenkins, Fern, King, Kirby, and Furtick. (Doc. 47, at 4.) Thus, they argue Plaintiff's racial discrimination claim fails to state a claim against Defendant Purdie because it lacks any allegation that she acted or contributed to alleged racial discrimination. (Id.) In response, Plaintiff argues that Purdie's role in medical decisions contributed to the unequal treatment between Plaintiff

12

and other black inmates, who were permitted to have metal glasses. (Doc. 48, at 4.)

Plaintiff's racial discrimination claim names Defendant Purdie but makes no mention of her actions or that she denied him eyeglasses. (See Doc. 46, at 4-5.) Further, even assuming Defendant Purdie was involved in denying Plaintiff his eyeglasses, hearing aids, or CPAP, Plaintiff fails to allege that Purdie intentionally discriminated against him because of his race. Plaintiff's claim for racial discrimination does not otherwise allege that Purdie specifically deprived him of a medical need that was granted to black inmates. The only somewhat relevant allegation is that Plaintiff claims after an inmate called him a racial slur, Purdie stated, "Maybe don't agitate the black inmates." (Id. at 3.) Nonetheless, the Court finds this statement alone does not convey a discriminatory intent or purpose by Purdie. Again, because the Court finds Plaintiff failed to state a claim against Defendant Purdie, this claim is also dismissed as to Vital Core. Thus, Plaintiff's racial discrimination claim against the Healthcare Defendants is **DISMISSED**.

### 3. Eighth Amendment

Next, the Healthcare Defendants argue Plaintiff fails to state a claim for an Eighth Amendment violation because he was not a convicted inmate at the time of his allegations. (Doc. 47, at 5.) They further argue that Plaintiff alleges he was a pre-trial

13

detainee, and his injuries as alleged were de minimis and insufficient to establish a constitutional violation. (Id.) In response, Plaintiff concedes that the Eighth Amendment does not apply to pretrial detainees and requests the Court liberally construe his claim to be analyzed under the Fourteenth Amendment. (Doc. 48, at 5.) Plaintiff argues that he suffered cruel and unusual conditions including denial of medical care, pain, and attacks, which are properly analyzed under the Fourteenth Amendment. (Id.)

The Eighth Amendment cruel and unusual punishment standard requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer, 511 U.S. at 832 (citations omitted). However, "[c]laims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." Wimbush v. Conway, 768 F. App'x 958, 968 (11th Cir. 2019) (citation omitted).

Because Plaintiff alleges he was a pretrial detainee instead of a convicted inmate, the Court finds the Eighth Amendment does not apply. (See Doc. 46, at 3.) Also, the Court previously analyzed Plaintiff's deliberate indifference claim under the Fourteenth Amendment, which applies the same rights afforded by the Eighth Amendment against cruel and unusual punishment to

14

pretrial detainees.  <u>Hamm v. DeKalb Cnty.</u>, 774 F.2d 1567, 1574 (11th Cir. 1985) ("[T]he [F]ourteenth [A]mendment rights of detainees can be defined by reference to the [E]ighth [A]mendment rights of convicted inmates").  Accordingly, Plaintiff's Eighth Amendment claim is **DISMISSED**.

    4. <u>Ninth Amendment</u>

Finally, the Healthcare Defendants argue the Ninth Amendment is not an independent source of constitutional rights and provides no constitutionally guaranteed freedoms.  (Doc. 47, at 5.) Plaintiff responds that the Court should construe his Complaint liberally and apply the Fourteenth Amendment because this claim "supports his broader due process and equal protection claims." (Doc. 48, at 5.)

It is well established that "the Ninth Amendment standing alone houses no constitutional guarantees of freedom."  <u>Metz v. McKinley</u>, 583 F. Supp. 683, 688 n.4 (S.D. Ga. 1984) (citation omitted), <u>aff'd</u>, 747 F.2d 709 (11th Cir. 1984); <u>see also</u> <u>Ayton v. Owens</u>, No. CV 313-006, 2013 WL 4077995, at *5 n.5 (S.D. Ga. Aug. 12, 2013) (citations omitted) ("[T]he Ninth Amendment is not an independent source of constitutional rights.").

As such, the Ninth Amendment provides no basis for Plaintiff's claim, and the Court already analyzed Plaintiff's claims under the Fourteenth Amendment.  Thus, Plaintiff's Ninth Amendment claim is **DISMISSED**.

### IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Healthcare Defendants' motion to dismiss (Doc. 47) is **GRANTED.** Plaintiff's claims against Defendants Vital Core and Purdie are **DISMISSED.** The Clerk is **DIRECTED** to **TERMINATE** Defendants Vital Core and Purdie as Parties to this action. This suit shall remain pending as to the remaining Defendants.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of July, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA